# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:16-cv-17-FDW

| | |
|---|---|
| CHUVALO BARRINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU STANLEY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e) and 1915A. On June 27, 2016, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 8). Thus, Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Chuvalo Barringer, a North Carolina state court inmate currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, filed this action on January 1, 2016, pursuant to 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff alleges that Defendants violated his right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution based on an alleged sexual assault on October 22, 2015. In his Complaint, Plaintiff names the following persons as Defendants, all identified as correctional officers at Alexander at all relevant times: (1) FNU Stanley; (2) FNU Tucker; and (3) FNU McCoy.

The following allegations by Plaintiff are taken as true for the purpose of this initial review:

> Officer Stanley, Officer Tucker, Office McCoy they let C-11 inmate Ten in my cell at 4:30 or 5:00 am. They let him in my cell [and] watch[ed] him [ejaculate] in my mouth and urinated on me. While I was sleep [sic] on 10-22-15. They said they let inmate Grath in my cell and he was the inmate that gave me AIDS because they said they trying to kill me. By infecting me with the AIDS. Plus poisoning my food. I can't eat, can't sleep, watch the camera.

(Doc. No. 1 at 3). As relief, Plaintiff states that he seeks the following: "[f]irst, remove from this facility $10,000 and to view the camera AIDS test rape kit." (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The Eighth Amendment protects inmates from sexual abuse. Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000).

The Court finds that this action survives initial review. That is, taking Plaintiff's allegations as true for the purposes of this initial review, Plaintiff states an Eighth Amendment claim against Defendants based on his allegation that Defendants allowed another inmate to enter Plaintiff's cell and then sexually assault him, while Defendants watched and failed to intervene to stop the sexual assault. See Randall v. Prince George's Cnty., Md., 302 F.3d 188, 202 (4th Cir. 2002).

The Court further takes judicial notice, however, that Plaintiff currently has pending in the Eastern District of North Carolina another Section 1983 action, which includes facts that are strikingly similar to those alleged in this action. That is, in Plaintiff's pending action in the Eastern District of North Carolina, filed on February 18, 2015, Plaintiff alleges that, while he was incarcerated at Maury Correctional Institution, the correctional officer defendants allowed inmates to enter Plaintiff's cell and sexually assault Plaintiff. Specifically, Plaintiff alleges the following in his Complaint in the Eastern District, in which he has named as Defendants four correctional officers who were employed at Maury Correctional Institution at all relevant times:

On 1-5-15 Officer Byrd an[d] officer Greene said that they be letting people

3

> inmates Cowboy, G, was in Cell 11, A Block, Cell 13, Alferd Teagey A-Block also, said they be letting them in my cell and they be sticking they penis in my mouth an[d] cumming [sic] in it. While I am sleep. Look at the camera. I have something on my sheets. It wasn't there when I went to sleep an[d] has a strange smell. Sgt. Brown said it also, she said that's not on your sheets. Cowboy is on the other side. Officer Lamb said he let him in my cell. An[d] he also stuck his penis in my mouth an[d] cum in it. Sgt. Brown said that G, Cell 11, has AIDS and now you have it. Lamb say that Cowboy has AIDS and he gave it to you. Officer Lane was trying to pull my pants down after he open my cell door, an[d] ran out the room so somebody can rape you while you sleep. That what he told me. When woke up my pants was unbutton. I don't know why they keep bothering me. They that Number 11 and Cowboy gave me AIDS. I file[d] a grievance, but I have heard nothing yet. It's been a month an[d] file a PREA Prison Rape Elimination Act. They're still investigating.

See Barringer v. Brown, 5:15-ct-03042-FL (E.D.N.C.), Doc. No. 1 at 3. This Court believes that it is highly unlikely that these extremely similar incidents occurred at both Alexander Correctional Institution and at Maury Correctional Institution. Nevertheless, for the purpose of initial review, and accepting Plaintiff's allegations as true, the Court will allow this action to go forward at this time.

### IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), survives initial review.

2. The Clerk shall send Plaintiff summons forms to fill out and return to the Court so that service may be made on Defendants. Once the Court receives all of the summons forms from Plaintiff, the Court will provide the forms to the U.S. Marshal for service on all of the named Defendants.

3. The Clerk shall mail a copy of this Order to the Eastern District of North Carolina,

directed specifically to the chambers of the Honorable Louise Wood Flanagan, District Judge.

Signed: July 14, 2016

*Frank D. Whitney*
Frank D. Whitney
Chief United States District Judge